## REYNOLDS et al v. JANZEN et al
### 376 P. 2d 415

*John S. Horton,* Baker, argued the cause for appellants. On the briefs were Banta, Silven, Horton & Young, Baker.

*Austin Dunn,* Baker, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Perry,

SLOAN, O'CONNELL, GOODWIN, LUSK and DENECKE, Justices.

SLOAN, J.

Plaintiffs, as sellers, brought this suit to obtain a rescission of a timber sale contract. The trial court sustained a demurrer to the complaint because the complaint did not allege facts showing a material breach of the contract on the part of defendants-purchasers. Plaintiffs declined to plead further and have appealed from the order dismissing the case.

The complaint described several alleged breaches of the contract. However, it is conceded that the allegations which follow were the only ones which could be considered a material breach. That pertinent paragraph of the complaint read:

"(e) That the said defendants have repeatedly failed to pay for logs cut from plaintiffs' premises on or before the 15th day of the month following the month when the logs were delivered to defendants' cold deck at Durkee, Oregon, in accordance with the terms of said Exhibit 'A', time being of the essence thereof, and more particularly defendants failed to pay for logs taken from plaintiffs' premises or furnish scale slips therefor on February 15, 1961, and on March 15, 1961, until the 24th day of March, 1961; for logs due July 15th, 1961, until after lien thereon was filed until and on the — day of August, 1961, and for logs due the 15th of August, 1961, until after lien was filed thereon and on the — day of August, 1961."

The rule to be applied in a case of this kind is not in dispute. In *Krebs Hop Co. v. Livesley,* 1908, 51 Or 527, 533, 92 P 1084, 1086, the court by Chief Justice ROBERT S. BEAN, stated:

"* * * But not every slight or partial dereliction

of one party will entitle the other to rescind or abrogate a contract. To justify such a course of procedure there must be a failure in some substantial particular, which goes to the essence of the contract, and renders the defaulting party incapable of performance, or makes it impossible for him to carry out the contract as intended."

And see *Vaughan et ux v. Wilson et al,* 1955, 203 Or 243, 255, 273 P2d 991, 992, 279 P2d 521, 524; *Walton et ux v. Denhart et ux,* 1961, 226 Or 254, 261, 359 P2d 890, 893 and 5 Corbin, Contracts, § 1104, 461 et seq (1951).

■ We agree with the trial court that the complaint here does fail to state facts which would constitute a material breach. In fact, the allegations make it impossible to tell whether the alleged breach was material or not. The complaint does not say whether the payment that was alleged to be delayed was for $10 or for a thousand. For all that is stated there could have been only a few logs taken or sold within the period for which payment was due. It does not allege any facts which would indicate that the alleged default had rendered defendants "incapable of performance, or makes it impossible for him to carry out the contract as intended."

Plaintiff argues, however, that the time is of the essence clause in the contract made any delay in payment, no matter how slight, a material breach of contract. In this case we think that the time is of the essence clause in the contract could be construed to have been limited to the time within which defendants were obliged to remove all of the timber sold and not to the time of payment. It is unnecessary to decide the question with finality. If the time is of the essence

clause does apply to the dates of payment the allegations we have quoted simply did not warrant the court acting to rescind this contract. The actual amount of the overdue payments and the extent to which the delay was material should have been alleged. The court would thus have had some basis for exercising a judgment as to whether or not the breach was material.

When we measure the materiality of the allegation of this complaint we do not overlook but do not rely on a $5,000 advance deposit defendants had paid to plaintiffs at the execution of the contract. The money was to apply to the last logs taken but the existence of the fund made it more compelling on plaintiffs to allege that the delay in payment was of a substantial, material character.

■ It is to be remembered that the power to rescind is discretionary. "The remedy is not one of absolute right, however, but rests in the sound discretion of the court, to be exercised in accordance with what is reasonable and just under the particular circumstances." *Hesselgrave v. Mott,* 1945, 23 Wash2d 270, 283, 160 P2d 521, 528; 3 Black, Rescission and Cancellation (2nd Ed., 1929), § 644, 1556; 9 Am Jur 353, Cancelation of Instruments, § 5. It was incumbent upon plaintiffs to have alleged facts indicating a breach of a material character. This they have failed to do. We think the order should be affirmed.